

# The Attorney General of Texas

June 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D.
Commissioner of Health
Texas Department cf Health
1100 West 49th Street
Austin, Texas    78756

Opinion No. JM-502

Re: Whether the reporting require-
ments of section 4(a) of article
4512.8, V.T.C.S., the Texas Abortion
Facility Reporting and Licensing Act,
apply to both licensed and unlicensed
facilities

Dear Dr. Bernstein:

You ask about the scope of the reporting requirements set out in
the Texas Abortion Facility Reporting and Licensing Act, article
4512.8, V.T.C.S.

The act sets out the following reporting requirements, which
apply to any "facility":

> Sec. 4. (a) Each facility must submit an
> annual report to the [Department of Health] on
> each abortion that is performed at the facility on
> a form provided by the department. The report
> shall not identify by any means the physician
> performing the abortion or the patient on whom the
> abortion was performed. The report shall include
> the following information:
>
> (1) whether or not the facility at which the
> abortion is performed is licensed under this
> article;
>
> (2) patient's year of birth, race, marital
> status, and state and county of residence;
>
> (3) type of abortion procedure;
>
> (4) the date the abortion was performed;
>
> (5) whether the patient survived the abortion,
> and if the patient did not survive, the cause of
> death;

(6) the period of gestation based on the best medical judgment of the attending physician at the time of the procedure;

(7) the date, if known, of the patient's last menstrual cycle;

(8) the number of previous live births of the patient;

(9) the number of previous induced abortions of the patient.

(b) All information and records held by the department under the provisions of this article shall be strictly confidential and not considered open records for the purposes of Chapter 424, Acts of the 63rd Legislature, Regular Session, 1973, as amended (Article 6252-17a, Vernon's Texas Civil Statutes). Such information shall not be released or made public upon subpoena or otherwise, except that release may be made under the following circumstances:

(1) release is made for statistical purposes only, so that no person, patient or facility may be identified; or

(2) release is made with the consent of each person, patient and facility identified in the information released; or

(3) release is made to medical personnel, appropriate state agencies, or county and district courts to enforce the provisions of this article.

(c) A violation of this section is punishable as a Class A misdemeanor.

Art. 4512.8, §4. The act defines "facility" as "a place where abortions are performed." Art. 4512.8, §2(1).

The act also provides that a person may not establish or operate a "facility" without "the appropriate license issued under this article." Art. 4512.8, §5. Section 6(f), however, provides:

Nothing in this article shall be construed to require a facility licensed under the Texas Hospital Licensing Law (Article 4437f, Vernon's

Texas Civil Statutes) or the office of a physician licensed under the Medical Practice Act (Article 4459b, Vernon's Texas Civil Statutes) <u>to obtain a license</u> under this article, unless such office is utilized primarily for the purpose of performing abortions. (Emphasis added).

You ask:

Do the reporting requirements set forth in section 4(a) of article 4512.8, V.T.C.S., apply only to licensed facilities or to both licensed facilities and those facilities which are exempt from licensure under section 6(f) of that act?

We conclude that the reporting requirements apply to any place where abortions are performed, including a place licensed under the Hospital Licensing Law, article 4437f, V.T.C.S., or a place that is the office of a physician licensed under the Medical Practice Act, article 4495b, V.T.C.S. Section 6(f) exempts certain places from the licensing requirements only. Also, it refers to the places exempted as "facilities." In other words, the licensing exemption only makes certain places exempt from licensing requirements. It does not exempt those places from the definition of "facility." The reporting requirements apply to any "facility" -- in other words, to any "place where abortions are performed." Therefore, the plain language of article 4512.8 requires us to conclude that the reporting requirements of article 4512.8 apply to any facility licensed under the Hospital Licensing Act and any facility that is the office of a physician who is licensed under the Medical Practices Act as well as any facility licensed under article 4512.8. Also, section 4(a)(1) requires reporting of whether the "facility" "is licensed under this article." This would be surplusage unless unlicensed facilities had to report.

Also, we think there is an obvious reason for exempting certain facilities from the licensing requirements but not from the reporting requirements. The exemption from the licensing requirements under article 4512.8 applies only to facilities licensed under the Hospital Licensing Law or to the offices of physicians who are licensed under the Medical Practices Act. Apparently the legislature determined that "double licensing" is unnecessary or undesirable because the licensing requirements of those acts ensure the standards of care that the licensing requirements of article 4512.8 are intended to ensure. The reporting requirements of article 4512.8, on the other hand, are at least in part for statistical purposes. <u>See</u> art. 4512.8, §4(b)(1). It makes sense to compile statistics regarding abortions from all facilities at which abortions are performed, not just those licensed under article 4512.8.

Therefore, we conclude that the reporting requirements of article 4512.8 apply to any place where abortions are performed, regardless of whether the place is exempt from the licensing requirements of article 4512.8.

## S U M M A R Y

The reporting requirements of article 4512.8, section 4, V.T.C.S., apply to all facilities at which abortions are performed, not just to those facilities licensed under article 4512.8, V.T.C.S.

Very truly yours

**J I M   M A T T O X**
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General